**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

*Attorneys for Plaintiff,*
*Aaron Rapp*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aaron Rapp, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>RANGE VIEW MANAGEMENT LLC d/b/a Lendvia, and BETTER DEBT SOLUTIONS  LLC,<br><br>                    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. §§ 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

//
//
//
//
//
//
//
//

**INTRODUCTION**

1. Plaintiff AARON RAPP ("Plaintiff"), individually and on behalf of all others similarly situated, brings this nationwide Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant RANGE VIEW MANAGEMENT LLC d/b/a Lendvia ("Lendvia"), and BETTER DEBT SOLUTIONS LLC ("BDS") (hereinafter collectively referred to as "Defendants"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*., ("TCPA") and related regulations,  thereby invading Plaintiff's privacy, specifically for claims under the National Do Not Call provision of 47 C.F.R. § 64.1200(c).

2. In 1991, Congress passed the TCPA in response to complaints about certain telemarketing practices. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. The United States Court of Appeals for the Ninth Circuit has held that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

4. Although a caller may obtain prior express consent from a consumer, prior express consent may nevertheless be revoked.

5. The right to revocation is consistent with the common law principle that consent is revocable and honors the purpose of the TPCA.

6. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law. 47 U.S.C. § 227(c).

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391 because the conduct complained of herein occurred within this judicial district and many of the acts and transactions giving rise to this action occurred in this district because:

    (a)    Defendants are authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b)    Defendants are located in this district;

    (b)    Defendants do substantial business within this district;

      (c)     Defendants are subject to personal jurisdiction in this judicial district because Defendants have availed itself of the laws and markets within this district; and,

      (d)     the harm to Plaintiff originated from within this judicial district.

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Indiana.  Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant Lendvia is, and at all times mentioned herein was, a foreign limited liability company headquartered in Cheyenne, Wyoming.  Defendant Lendvia is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).  Plaintiff alleges that at all times relevant herein Defendant Lendvia conducted business in the State of California and within this judicial district.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant BDS is, and at all times mentioned herein was, a domestic limited liability company headquartered in headquartered in Irvine, California.  Defendant BDS is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).  Plaintiff alleges that at all times relevant herein Defendant BDS conducted business in the State of California and within this judicial district.

## FACTUAL ALLEGATIONS

16. According to its website, Lendvia provides loans and debt consolidation solutions to consumers throughout the US.

17. BDS offers debt resolution solutions to consumers including loans and debt consolidations.

18. Essentially, Lendvia and BDS are the same company using interchangeable names.

19. Lendvia and Better Debt Solutions are also located in the same location, i.e.

2525 Main St, Irvine, California.

20. In Defendants' overzealous attempt to market their services and grow significantly, Defendants knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls without the prior express written consent of the call recipients.

21. Through this method, Defendants have invaded the personal privacy of Plaintiff and members of the Class.

**Plaintiff Receives Unsolicited Telemarketing from Defendants**.

22. Plaintiff, himself, registered his cellular telephone number ending in 6267 ("Cell Phone") with the National Do Not Call Registry in 2004.

23. Plaintiff did not provide Defendants with his cellular telephone number at any point in time, nor did he give permission for Defendants to call it.

24. Plaintiff did not have an established business relationship with Defendants during the time of the telephone solicitations from Defendants.

25. Plaintiff did not have a personal relationship with Defendants at any point in time.

26. Plaintiff did not give Defendants prior express invitation or consent in writing for Defendants to call Plaintiff's personal cellular telephone for marketing or solicitation purposes.

27. Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendants are required to check the National Do Not Call Registry before attempting to call.

28. Despite their obligations under the TCPA, Defendants began unlawfully soliciting Plaintiff on his Cell Phone.

29. Specifically, in January 2024, Plaintiff began receiving calls from call centers that identified themselves as "Credit One Lending" from phone number (888) 406-3095.

30. After receiving the second call on February 8, 2024 from phone number (888)

406-9464, Plaintiff told them to stop calling his phone number as he was not interested in their services.

31. Even though Plaintiff requested that Defendants stop calling, Plaintiff received six additional calls from the 9464 number as well as (888) 406-8434.

32. On the eighth call, Plaintiff spoke with a person claiming to be from Credit One Lending.

33. Frustrated with the continued harassment, Plaintiff asked where they obtained his information.

34. The caller claimed "we got your information from public records."

35. Thereafter, Plaintiff was transferred to a Mr. Nicholas Kim.

36. Mr. Kim advised Plaintiff that he was calling from "Better Debt Solutions."

37. Plaintiff told Mr. Kim that the initial call told him the company was "Credit One Lending."

38. Mr. Kim responded that the "Credit One Lending" is the initial name they use to screen people.

39. Mr. Kim stated that BDS is a subsidiary of LendVia.

40. Plaintiff was confused and thus, Mr. Kim emailed him with information and his email signature as follows:

From: **Nicholas Kim** <nkim@betterdebtsolutions.com>
Date: Thu, Feb 1, 2024 at 3:56 PM
Subject: Lendvia Financial Credentials
To: **REDACTED**

Below is our contact information and that of our affiliates. It will also include our credentials, testimonies, website, and Better Business Bureau rating.

Here is a link to our Better Business Bureau rating.
Here is a link to our page on Trustpilot.

Welcome to Lendvia! - Lendvia

CLASS ACTION COMPLAINT



**Nicholas Kim | Better Debt Solutions**
**Senior Debt Advisor**
📞 **(949) 401-7953** ☎ (866) 212-4229
📧 nkim@betterdebtsolutions.com
🌐 www.betterdebtsolutions.com
📍 2525 Main St Suite 500 Irvine, CA 92614

41. Plaintiff told Mr. Kim that he's registered on the DNC list and that did not understand how or why they called him.

42. Thereafter, Mr. Kim confirmed that Plaintiff did not apply for any type of loan with Defendants' online or otherwise.

43. When Plaintiff further pressed Mr. Kim about obtaining his information, Mr. Kim stated "Well we do have a direct working relationship with Trans Union and that's where we pull our credit from and "we may have some options here to help you alleviate your finances here."

44. Exasperated, Plaintiff pushed back and said he didn't apply for anything so how did he get his name.

45. Mr. Kim then acknowledged that "he just works through the application process but doesn't actually know how he got his information."

46. Such calls constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services related to credit repair.

47. Plaintiff received more than two telephone solicitations from Defendants within a 12-month period.

48. Defendants' unsolicited telephone calls constituted telemarketing and had a commercial purpose.

49. Upon information and belief, Defendants did not make the telephone solicitations in error.

50. Upon information and belief, at all relevant times, Defendants failed to

CLASS ACTION COMPLAINT

establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

51. Upon information and belief, Defendants made the same or substantially similar above-described telephone solicitations *en masse* to thousands of consumers nationwide.

52. Because Plaintiff is alerted when a call is made to Plaintiff's cellular telephone, the unsolicited telephone solicitation that Defendants transmitted to Plaintiff's cellular device invaded Plaintiff's privacy, was a nuisance, and distracted and aggravated Plaintiff upon receipt.

53. Plaintiff was personally affected and damaged by Defendants' aforementioned conduct because Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically protected by the TCPA. Plaintiff was frustrated and distressed that Defendants annoyed Plaintiff with unwanted telephonic solicitations, without Plaintiff's prior express written consent, and while Plaintiff's telephone number was registered on the National Do Not Call Registry.

54. Defendants' telephonic communications forced Plaintiff and Class members to live without the utility of their cellular telephones by forcing Plaintiff and Class members to silence their cellular telephones and/or block incoming numbers and/or interrupted their desired use of their cellular telephones.

55. The TCPA was intended to give individuals control over how and where they receive telephonic communications. When Defendants initiate such communications to consumers without their consent, Defendants fail to respect the limitations imposed by the TCPA. In doing so, Defendants invade Plaintiff and similarly situated persons' privacy and violates the spirit and intent behind the TCPA.

56. Through the above conduct, Defendants violated 47 U.S.C. §§ 227, *et seq.* and the National Do Not Call provision of 47 C.F.R. § 64.1200(c).

**Other Consumer Complaints About Defendants' Unlawful Telemarketing**

57. In addition to Plaintiff's experiences, Defendants have been accused of invading the privacy of other consumers throughout the country using the same unlawful telemarketing tactics.

58. Specifically, the Better Business Bureau pages for Lendvia and Better Debt Solutions contain multiple complaints about unsolicited telemarketing calls,

59. For LendVia, the BBB has a complaint that indicates:

"SCAMMERS! They call me 30x a day and refuse to remove me from their call list. I HAVE NO PEACE OF MIND. They illegally obtained my information and are breaking FTC guidelides by calling me, as I am on the National Do Not Call List. Remove me and leave me alone!"

60. For Better Debt Solutions, two consumers complained:

"Predatory lending service. They call you unsolicited. Tell you that they can get you an unsecured loan to cover some of your unsecured debt. Then switch you into a debt restructuring offer that ruins your credit and your credit lines shut you down. If you arent financially literate, this place is a hack.I tried to cancel when I figured this out and they just stopped responding"

"Scam!! Called my phone every hour for weeks eventho I told them to stop. Numerous representatives hung up on me when I asked to talk to a supervisor."

61. Based on the foregoing, Plaintiff has reason to believe that Defendants have called thousands of wireless telephone customers to market its products and services without prior express written consent and/or after consumers revoked their consent in a reasonable manner.

**CLASS ACTION ALLEGATIONS**

62. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

63. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States, registered on the National Do Not Call Registry for at least 31 days, to whom Defendants and/or a third party acting on Defendants' behalf, made two more telephone solicitations that promoted Defendants' products or services, to a cellular telephone number within any twelve-month period, within the four (4) years prior to the filing of the Complaint.

64. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

65. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do Not Call Registry. Plaintiff and the Class members were damaged thereby.

66. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

67. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' records and the National Do Not Call Registry.

68. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual

CLASS ACTION COMPLAINT

Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do Not Call Registry and who had neither an established business relationship nor personal relationship with Defendants;

    b. Whether Defendants obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

    c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    d. Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

69. As a person who received numerous telephone solicitations from Defendants within a 12-month period, who did not have an established business relationship or personal relationship with Defendants, and who did not provide Defendants prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

70. Plaintiff and the members of the Class have all suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

CLASS ACTION COMPLAINT

71. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

72. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

73. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. §§ 227, *ET SEQ.*

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

76. As a result of Defendants' negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

77. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. §§ 227,** *ET SEQ.*

78. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

80. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

81. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendants:

- An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and appointing Plaintiff's Counsel as Class Counsel;

- An Order declaring Defendants' conduct, as alleged above, was in violation of the TCPA and the National Do Not Call provision of 47 C.F.R. § 64.1200(c);

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

- Costs of suit.

- Pre and post-judgment interest, to the extent permitted by applicable law.

- Reasonable attorneys' fees to Plaintiff's counsel pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5 and the common fund doctrine.

- Any other relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

82. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: June 28, 2024                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By:     *s/ David J. McGlothlin*
                                        ABBAS KAZEROUNIAN, ESQ.
                                        DAVID J. MCGLOTHLIN, ESQ.
                                        *Attorneys for Plaintiff*